IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL L. BUESGENS              :
      Plaintiff,
   v.                              :   Civil Action No. DKC-2007-2092

CHRISTINE C. FREELAND, ET AL.    :
      Defendants.

**MEMORANDUM OPINION**

On August 6, 2007, Plaintiff Michael L. Buesgens, a resident of Austin, Texas, filed this fee-paid *pro se* Complaint dated August 3, 2007, seeking $2,435,000.00 in damages against Christine Freeland,[1] Riverstone Operating Company, Riverstone Residential S.C. LLC,[2] and Consolidated American Services.  He seemingly claims that Defendants have their principal offices in Maryland and, although he references Defendants' alleged discrimination and failure to provide him a reasonable housing accommodation under the Fair Housing Act ("FHA"), Americans With Disabilities Act ("ADA"), and Rehabilitation Act ("RA"), Plaintiff invokes this court's 28 U.S.C. § 1332 diversity jurisdiction.  Paper No. 1.  Plaintiff asks that this case be assigned to a "complex litigation judge and special master" and seeks a jury prayer.  *Id*.

Among Plaintiff's exhibits are the opinions in *Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1363 (D. Md.) and *Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1642 (D. Md.).  On May 21, 2007, Plaintiff filed *Buesgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, invoking this court's 28 U.S.C. § 1343 civil rights jurisdiction.  He cited to 42 U.S.C. § 1983, the ADA, RA, and FHA, and sought damages and other miscellaneous relief against

---

[1]    Plaintiff identifies Freeland as the Director and owner of Riverstone Operating Company.

[2]    Both Riverstone Operating Company and Riverstone Residential S.C. LLC shall hereafter be referred to as "Riverstone."

multiple defendants, complaining of "discrimination, retaliation, denial of due process rights under the Fourteenth Amendment and low income housing tax credit property- senior community."  *See Buesgens v. Freeland, et al.*, Civil Action No. DKC-07-1363 at Paper No. 1. The grounds in the complaint alleged that: (1) Plaintiff was denied housing accommodations at and was wrongly evicted from the Village of Collinwood and Falcon Ridge Apartments, two housing complexes located in Austin, Texas; (2) a number of defendants failed to appear and/or presented perjured testimony at a Travis County, Texas state court proceeding concerning Plaintiff's eviction; (3) attorney misconduct and negligence was committed with regard to the aforementioned eviction proceeding; and (4) the Department of Housing and Urban Development ("HUD") improperly handled his housing complaint(s).[3]  *Id*.

On June 6, 2007, the undersigned ordered *Buesgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, transferred to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1406(a).  The court reasoned that as the actions about which Plaintiff complained occurred in Austin, Texas, the majority of Defendants reside in Texas,[4] and matters related to the case were seemingly litigated in Texas, the interests of justice dictated the case be

---

[3]  Prior to filing *Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, Plaintiff filed a federal civil rights complaint against Falcon Ridge Apartments and a number of the same defendants.  *See Buesgens v. Falcon Ridge Apartments, et al*., Civil Action No. LY-06-226 (W.D. Texas). That case was dismissed with prejudice on December 20, 2006, by U.S. District Court Judge Lee Yeakel.  In addition, Plaintiff filed *Buresgens v. Travis County, Texas, et al*., Civil Action No. SS-07-427 (W. D. Texas), raising FHA, ADA, RA and other claims related to his eviction, termination of his lease, and the imposition of unlawful reletting charges from Falcon Ridge Apartments.  On June 20, 2007, District Court Judge Sam Sparks dismissed the complaint with prejudice and directed that Plaintiff be "barred from filing any future civil action in any federal court in the United States without first seeking leave of the Court in which he wishes to file the action."  *Id*. at Paper No. 10.

[4]  The court noted that of the 40 defendants named, approximately 32 resided in Texas and only defendants Christine Freeland and Riverstone had a listed residence in Maryland.

transferred.[5]  On June 11, 2007, Plaintiff filed a Notice of Appeal.  The matter remains pending before the United States Court of Appeals for the Fourth Circuit.  *See Buesgens v. Freeland, et al.*, CA-07-1559.

Notwithstanding the transfer of the aforementioned case, on June 20, 2007, Plaintiff filed a new fee-paid "diversity" matter against Christine Freeland, Riverstone, and a "John Doe" defendant, again alleging that he was denied a reasonable housing accommodation and discriminated against as related to his housing in Texas.  *See Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1642 (D. Md.).  On July 27, 2007, the court issued an opinion which observed that the jurisdictional basis for invoking federal district court's § 1332 diversity jurisdiction was unclear and the Complaint did not meet the pleading requirements of Fed. R. Civ. P. 8.  *Id*. at 2.  The court concluded, however, that in pressing his claims in this district Plaintiff had essentially re-filed *Buesgens v. Freeland, et al.*, Civil Action No. DKC-07-1363, to exclude all non-Maryland defendants and was "venue shopping" his allegations when they were already pending before another district.[6]  The matter was transferred to the United States District Court for the Western District of Texas for all further proceedings on July 27, 2007.[7]

---

[5] The case was transferred to the United States District Court for the Western District of Texas at Austin and instituted as *Buesgens v. Freeland*, *et al.*, Civil Action No. SS-07-444 (W.D. Texas).

[6] A review of Plaintiff's federal filings seemingly indicate that other cases have been dismissed or transferred due to venue issues.  *See Buesgens v. Culpepper, et al.*, Civil Action No. WGY-07-10538 (D. Mass.);  *Buesgens v. United States, et al.*, Civil Action No. RCL-06-1558 (D. D.C.)  Further, it appears that he has filed at least two cases outside the district of Texas in an attempt to sue individuals involved in his litigation with Falcon Ridge Apartments.  In *Buesgens v. Galloway*, Civil Action No. KI-07-43 (D. Or.), Defendant's motion to dismiss was granted on June 7, 2007.  Further, in *Buesgens v. Houser, et al.*, Civil Action No. CM-07-2116 (D. Kan.), Plaintiff sued a number of parties related to his litigation in the federal courts in Oregon and Texas and his state court proceedings associated with his tenancy and eviction in Texas.

[7] The case was transferred to the United States District Court for the Western District of Texas at Austin and instituted as *Buesgens v. Freeland*, *et al.*, Civil Action No. SS-07-660 (W.D. Texas) on August 3, 2007.  On August 9, 2007, Plaintiff filed a motion for involuntary dismissal, which remains pending as of the within signature date.

The instant Complaint presents the third case Plaintiff has filed regarding alleged difficulties he had at his former Texas apartment complexes. For those reasons articulated in Plaintiff's prior civil cases filed in this court, the matter shall be transferred to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1406(a).

Finally, the court makes the following observations. When ordering the transfer of *Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1642 to the Texas federal district court, the undersigned noted that Plaintiff's cases were subject to a pre-filing injunction imposed by United States District Court Judge Sam Sparks.[8] While the court determined it would be injudicious to adopt and impose Judge Sparks injunction on Plaintiff in this district without notice, *see Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 820 (4th Cir. 2004), it found that Plaintiff had clearly abused the court process with regard to complaints filed in various federal district courts related to difficulties with his former Texas apartment complexes. Consequently, when issuing its July 27, 2007 opinion, the court placed Plaintiff on notice that "any further filing in this court with regard to complaints directly or tangentially associated with his Texas housing claims or any claim with patently obvious jurisdictional and venue deficiencies shall result in the imposition of pre-filing sanctions...." *See Buresgens v. Freeland, et al.*, Civil Action No. DKC-07-1642 at Paper No. 2.

In determining whether a pre-filing injunction is substantively warranted, a court "must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular

---

[8] That injunction was imposed on Plaintiff due to his "vexation practices" in filing a frivolous lawsuit "seeking relief on issues already litigated in numerous prior actions." *See Buresgens v. Travis County, Texas, et al.*, Civil Action No. SS-07-427 (W. D. Texas) at Paper No. 10 at 10. Judge Sparks entered the injunction in reliance on *Ferguson v. Mbank Houston, N.A.*, 808 F.2d 358 (5th Cir. 1986), which provides for a "broad injunction, prohibiting any filings in any federal court without leave of that court" if the litigant is "engaging in a widespread practice of harassment against different people." *Id*. at 360.

whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Cromer v. Kraft Foods North America*, *Inc*., 390 F.3d 812, 818 (4th Cir. 2004).  Ultimately, the "question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue." *Safir v. United States Lines, Inc*., 792 F.2d 19, 23 (2nd Cir. 1986).

Plaintiff was placed on notice that a pre-filing injunction would be imposed on him if he continued to abuse process in the federal courts.  Nonetheless, within one week of that notice he filed the instant action, again complaining about difficulties he had with his former Texas apartment complexes.  Plaintiff is wilfully abusing the court process by his repetitive and vexation litigation.  Sanctions are warranted.  Consequently, the curt shall impose a pre-filing injunction on Plaintiff's filings.  Hereafter, the Clerk shall not accept for filing any further civil suits instituted or other papers filed by Plaintiff in any case unless and until (1) he seeks formal leave of the court to file an action or papers and (2)  this Court reviews the same and determines that the suit or paper is filed in good faith and not for any improper purpose and that it has a colorable basis in law and fact.  A separate order follows.


Date:  August 17, 2007                               /s/                        
                                             DEBORAH K. CHASANOW
                                             United States District Judge